## WILSON & CO., Inc., v. NEALY et al.

No. 23867. Opinion Filed April 25, 1933.

Bennett & Bennett, for petitioner.

R. H. Morgan, Leo J. Williams, and M. J. Parmenter, for respondent T. A. Nealy.

CULLISON, J. This is an original proceeding in this court by Wilson & Co., Inc., of Oklahoma, to review an award of the State Industrial Commission of June 17, 1932, in favor of T. A. Nealy, claimant, and against the petitioner herein.

The record discloses that claimant was in the employ of petitioner on February 26, 1927, engaged in firing a "dryer," when he received the injuries complained of. The dryer is a steel drum used for burning offal from the packing house, and claimant's duties included firing this drum with coal. While so employed, the flame blew out of the door and burned his face, eyes, arms, and hands. Claimant was given first aid medical treatment by his employer. On March 11, 1927, claimant filed with the Industrial Commission his first notice of injury and claim for compensation. Three days thereafter a stipulation and receipt between the parties was filed with the Commission, whereby claimant was paid $20.43, as compensation for temporary total disability. Said payment was approved by an order and award

of the Industrial Commission, March 16, 1927.

Thereafter, on April 1, 1932, claimant filed a motion to reopen his case on the grounds of a change in condition, and on May 12, 1932, amended said motion. Two hearings were had thereon, and on June 17, 1932, the Commission entered its award to claimant, which petitioner prays this court to review.

Said award reads, in substance, that claimant's injury sustained while working for the petitioner herein comes within the terms of the Workmen's Compensation Act (Comp. St. 1921, sec. 7282 et seq., as amended) that claimant's average weekly wage when injured was $20.40; that claimant was temporarily totally disabled by the accident for one week and three days beyond the five-day waiting period, and had received compensation therefor in the sum of $20.42, at the rate of $13.62 per week; that claimant had filed his motion to reopen and amended petition to reopen on their respective dates, alleging his permanent partial disability or permanent loss of vision in his eyes by reason of said accidental injury; that claimant had sustained said change in condition as alleged, and now has a 50 per cent. permanent partial disability, or permanent loss of vision, which is due to the accidental injury of February 26, 1927.

Said award ordered the petitioner herein to pay claimant compensation at the rate of $13.62 per week for a period of 250 weeks, or a total sum of $3,405, on account of his loss aforesaid, said compensation to be computed and payable from the date of filing claimant's motion to reopen, viz., April 1, 1932, and that under said award this petitioner pay claimant $152.09, as accumulated compensation at the above rate, from April 1, 1932, to the date of the award, i. e., June 17, 1932, and continue paying claimant the balance of said award as ordered. The award recites that the foregoing order is based upon section 7290, par. 1, together with subsec. 3 thereof, C. O. S. 1921, as amended by Session Laws 1923 [O. S. 1931, sec. 13356]. Said award fixes the fee of claimant's attorney, and orders claimant to pay the same from compensation received under the award.

Petitioner contends that:

"There is no evidence in the record reasonably tending to support the finding of the Industrial Commission awarding claimant compensation in the amount of about $3,400 for the permanent partial loss of his vision."

We observe at the outset that there is a conflict in the evidence as to the cause of the loss of claimant's vision. Claimant's doctor states that it is due to the accident; petitioner's doctors state that it is a natural process due to the age of the claimant. All the doctors agree that claimant has impaired vision. Dr. Guthrie testified that he found a 51 per cent. loss of vision in one eye, and 80 per cent. loss of vision in the other; that the optic discs are hazy, and that this indicates an optic atrophy; and, in view of the history that the man had normal vision prior to the accident, his opinion is that the condition is a direct result of the accident sustained. The doctor further testified that the condition is permanent and apt to be progressive.

The entire argument of petitioner is devoted to the proposition that the evidence is not sufficient to support the award made. Under the rule embraced in the Workmen's Compensation Act, this court is not authorized to weigh conflicting evidence. There was some competent evidence reasonably tending to support the award as made.

The petition to vacate is denied, and the award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.